**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00968-REB-CBS

TRUDIE M. ISKOWITZ, et al.,

      Plaintiffs,

v.

CESSNA AIRCRAFT COMPANY, et al.,

      Defendants.

_____

Civil Action No. 07-cv-00971-REB-CBS

PATRICIA A. COFFMAN, et al.,

      Plaintiffs,

v.

CESSNA AIRCRAFT COMPANY, et al.

      Defendants.
_____

**PROTECTIVE ORDER**
_____

During discovery in this action, the parties may be required to produce documents and tangible things, answer interrogatories, respond to requests for admissions, permit entry onto land or other property and provide testimony (collectively "Discovery Information") that might reveal confidential or restricted information, including trade secret or other confidential or restricted research, development, financial, or commercial information that should not be disclosed except in a highly restricted

fashion. In order to protect the parties' interests in their confidential or restricted information, the Court orders, pursuant to F.R.C.P. 26(c), that:

    1.    For the purpose of this Protective Order, Discovery Information designated as "Confidential Information" means any information of any type, kind or character that is designated in good faith as Confidential in the manner specified in this Protective Order by the party producing or disclosing this information. Nothing shall be designated as Confidential Information except information of a sensitive nature, that, if disclosed to persons of expertise in the subject area, would reveal significant technical or business advantages of the producing party, or that concerns employee personnel records or evaluations that are of a private nature, or is protected by the Privacy Act, 5 U.S.C. § 552(a).

    "Confidential Information" produced or disclosed by the parties during this action shall be revealed only as provided in this Protective Order.

    2.    Confidential Information shall be used solely in connection with the preparation for trial, trial, or other proceedings in this litigation and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Protective Order.

    3.    Access to Confidential Information shall be restricted to:

        a.    attorneys in law firms appearing as counsel of record in this litigation and personnel who are directly employed by such counsel and who are actively assisting in the preparation of this litigation;

        b.    the parties and, where applicable, those officers, directors, and employees of the parties whose assistance is required in the

       preparation of this litigation for trial and who must have access to the materials to render such assistance;

   c.   in-house counsel and their administrative staff, including paralegals and secretaries of the named parties to this litigation;

   d.   experts or consultants retained in connection with this litigation;

   e.   the Court and court personnel;

   f.   independent stenographic reporters as are necessarily incident to the preparation or trial of this litigation; and

   g.   attorneys appearing as counsel of record may report to insurers for their clients ("insurers") about Confidential Information, but shall not deliver copies of documents containing Confidential Information to insurers. If insurers need to review documents containing Confidential Information, that may be done at the offices of the attorneys of record. If any Confidential Information is communicated to insurers in any manner, it must be clearly identified as Confidential Information.

   h.   such other persons as the parties shall agree to in writing, or the Court shall determine.

4.   For the purpose of this Protective Order, Discovery Information designated as "Restricted Information" means any information of any type, kind or character that the producing party believes in good faith to contain or embody highly proprietary business information, including without limitation trade secrets and competitive financial information, pricing information, competition sensitive technical information, customer lists, strategic information regarding marketing, information regarding any projects for the United States government, or similarly sensitive information, disclosure of which may be extremely harmful to the interests of the producing party or that the producing party is otherwise obligated to maintain as highly confidential with restricted access.

5. Nothing shall be designated as Restricted Information except information of a highly sensitive nature that, if disclosed to persons of expertise in the subject area (expressly including the receiving parties in this proceeding), would reveal highly proprietary business, trade secret, competitive, financial, or similarly sensitive information of the producing party. Nothing shall be regarded as Restricted Information if it is information that does not satisfy the requirements for treatment as Confidential Information or that the receiving party has lawfully obtained other than through discovery from the producing party in this proceeding.

6. Access to Restricted Information shall be limited to:

   a. attorneys in law firms appearing as counsel of record in this litigation and personnel who are directly employed by such counsel and who are actively assisting in the preparation of this litigation;

   b. the Court and court personnel;

   c. independent stenographic reporters as are necessarily incident to the preparation or trial of this litigation; and

   d. such other persons as the parties shall agree to in writing, or the Court shall determine.

7. Confidential or Restricted Information shall be designated in the following manner:

   a. by imprinting the words "Confidential", "Restricted", "Confidential Protected Document, *Trudie M. Iskowitz et al. v. Cessna Aircraft Company, et al.*, Case No. 07-cv-00968-REB-CBS, U.S. District Court, District of Colorado and *Patricia A. Coffman, et al. v. Cessna Aircraft Company, et al.*, Case No. 07-cv-00971-REB-CBS, " or "Restricted Covered by Protective Order, *Trudie M. Iskowitz et al. v. Cessna Aircraft Company, et al.*, Case No. 07-cv-00968-REB-CBS, U.S. District Court, District of Colorado and *Patricia A. Coffman, et al. v. Cessna Aircraft Company, et al.*,

        Case No. 07-cv-00971-REB-CBS" or "Confidential", "Restricted", "Confidential Protected Document, *Iskowitz et al. v. Cessna Aircraft Company et al.*, Case No. 2005CV1024, District Court, Pueblo, Colorado", or "Restricted Covered by Protective Order, *Iskowitz et al. v. Cessna Aircraft Company et al.*, Case No. 2005CV1024, District Court, Pueblo, Colorado" on, at minimum, the front page or cover of any document produced, disclosed, or otherwise provided;

    b.    where applicable, by imprinting the words "Confidential", "Restricted", "Confidential Protected Document, *Trudie M. Iskowitz et al. v. Cessna Aircraft Company, et al.*, Case No. 07-cv-00968-REB-CBS, U.S. District Court, District of Colorado and *Patricia A. Coffman, et al. v. Cessna Aircraft Company, et al.*, Case No. 07-cv-00971-REB-CBS" or "Restricted Covered by Protective Order, *Trudie M. Iskowitz et al. v. Cessna Aircraft Company, et al.*, Case No. 07-cv-00968-REB-CBS, U.S. District Court, District of Colorado and *Patricia A. Coffman, et al. v. Cessna Aircraft Company, et al.*, Case No. 07-cv-00971-REB-CBS" or "Confidential", "Restricted", "Confidential Protected Document, *Iskowitz et al. v. Cessna Aircraft Company et al.*, Case No. 2005CV1024, District Court, Pueblo, Colorado", or "Restricted Covered by Protective Order, *Iskowitz et al. v. Cessna Aircraft Company et al.*, Case No. 2005CV1024, District Court, Pueblo, Colorado" next to or above any response to a discovery request; and

    c.    with respect to transcribed testimony, by giving written notice to other counsel of record designating the testimony as Confidential or Restricted Information no later than ten (10) calendar days after receipt of the transcribed testimony. All testimony and transcripts shall be treated as if designated Confidential Information until the expiration of the ten (10) day period. If testimony is designated as Confidential or Restricted on the record, the court reporter shall mark the face of the transcript and the portion thereof containing the designated testimony "Confidential" or "Restricted" as appropriate, and the transcript and testimony shall be treated accordingly pursuant to the terms of this Protective Order immediately upon the receipt by the parties.

8.    Each qualified person described in subparagraphs (b), (c), (d), (f), (g) or (h) of paragraph 3 to whom materials containing Confidential Information are to be

provided, or each qualified person described in subparagraphs (c) or (d) of paragraph 6 to whom materials containing Restricted Information are to be provided, shall first be presented with a copy of this Protective Order and shall sign a joinder agreement substantially in the form of Exhibit "A" attached to this Protective Order.  All such persons shall be bound by the terms of this Protective Order, and shall not permit disclosure of the Confidential or Restricted Information other than pursuant to the terms of this Protective Order.

9. Subject to compliance with applicable governmental requirements, Discovery Information designated as Confidential or Restricted Information shall be provided only to the receiving party's counsel of record (including counsel's staff).  Such Discovery Information may then be disclosed by the receiving party's counsel to the qualified recipients described herein, subject to the restrictions contained in this Protective Order.

10. No documents containing Restricted Information shall be transmitted electronically, but shall only be transmitted through physical media such as paper or CD ROM.

11. If a party objects to the designation of information as Confidential or Restricted Information, that party shall notify counsel for the producing or disclosing party in writing and shall identify the information contested and the specific grounds for the objection.  Counsel shall then attempt to resolve such dispute informally and in good faith.  If counsel cannot resolve the dispute within ten (10) business days after the time the notice is received, the objecting party may file a motion for disclosure with

respect to such Confidential or Restricted Information. The information shall continue to have Confidential or Restricted Information status until the Court rules on the motion for disclosure. In proceedings involving the motion for disclosure, the party asserting the confidentiality of the information requested shall have the burden to prove its confidentiality.

12.   Any portion of a pleading, brief or other document filed with the Court that contains or refers to any Confidential or Restricted Information shall be filed under seal. The provisions of D.C.COLO.LCivR 7.3 shall apply. In the event any Confidential or Restricted Information is used in any court filing or proceeding in these actions, including but not limited to its use at trial or on appeal, it shall not lose its confidential status as between the parties through such use.

13.   Inadvertent disclosure of Confidential or Restricted Information not designated in accordance with paragraph 7 above shall not constitute a waiver of the confidential or restricted status of the information as long as the party producing the information takes prompt steps after discovering the inadvertent disclosure to notify all parties of the matter, and to accomplish the labeling required by paragraph 7. Upon notification that such inadvertent disclosure has occurred, the receiving parties shall return all copies of unlabeled Confidential or Restricted Information to the producing party and the producing party shall produce properly labeled documents. Production of documents or information by any party at trial shall not constitute a waiver of the provisions of this Protective Order.

14.     If a person or entity who has obtained access to Confidential or Restricted Information under this Protective Order is served with a subpoena or other legal process seeking Confidential or Restricted Information subject to this Protective Order, that person or entity shall give prompt written notice to counsel of record for the producing or disclosing party and shall object to its production.  Upon receipt of such notice, the producing or disclosing party shall advise the person or entity who is to respond to the subpoena or legal process of its position.  Thereafter, the producing or disclosing party shall assume responsibility for preserving or prosecuting any objection to the subpoena or process.  The person or entity served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the Confidential or Restricted Information.  Should the person or entity seeking access to the Confidential or Restricted Information take action to enforce such subpoena or legal process, the person or entity so served shall set forth in his response the existence of this Protective Order.  Nothing herein shall be construed as requiring the person or entity served to challenge, seek relief from, or appeal any order requiring production of Confidential or Restricted Information, or to undergo any penalty for noncompliance with the subpoena, other legal process, or order requiring production.

15.     Nothing in this Protective Order shall be deemed to limit any party's rights to discovery in connection with this action, to restrict the prosecution, defense or settlement of this action, or to restrict in any way the use of a party's own documents by the party or its attorneys.

16. Within sixty (60) days after termination of this litigation (whether by final nonappealable judgment, settlement, or otherwise), counsel for each party who has been provided with another party's Confidential or Restricted Information shall:

    b. return to the producing party all Confidential and Restricted Information provided under this Protective Order, including all copies of documents containing such information, and including copies from all persons executing joinder agreements pursuant to paragraph 8 of this Protective Order;

    c. destroy all copies of Confidential and Restricted Information containing notes or other attorneys' work product that may have been placed thereon by counsel;

    d. provide to the producing party copies of all joinder agreements obtained pursuant to paragraph 8 of this Protective Order;

    e. furnish to the producing party an affidavit verifying that all provisions of this paragraph 16 have been complied with.

In addition, any documents containing Confidential or Restricted Information which have been introduced into evidence in this action may be withdrawn from evidence upon termination of this litigation.

17. Entry of this Protective Order does not obligate the parties to produce any documents, or comply with any discovery requests, except in accordance with its obligations under the applicable rules of civil procedure.

18. It is understood and agreed that disclosure of Confidential or Restricted Information pursuant to this Protective Order is not intended to concede the relevancy, competency or admissibility of any matter.

19. Nothing herein shall preclude any party from applying to this Court for an order modifying this Protective Order, or any modification of this Protective Order by the

Court with the consent of all parties hereto, provided that such modification is set out in writing and signed by counsel of record for all parties.

20. In the event any party seeks discovery of information from a third party which is alleged by such third party to be Confidential or Restricted Information, such third party may adopt the terms and conditions of this Protective Order and may designate such information as Confidential or Restricted Information pursuant to the terms of this Protective Order. The parties agree that such third party information will be received and maintained by them under the provisions of this Protective Order. Such third party, having first adopted the terms and conditions of this Protective Order in writing, may enforce the terms and conditions of this Protective Order as if a party to this action.

21. The Court retains jurisdiction to enforce the provisions of this Protective Order.

DONE THIS 24th DAY OF August, 2007.

BY THE COURT:

s/ Craig B. Shaffer
Craig B. Shaffer
U.S. Magistrate Judge

## EXHIBIT "A"

## JOINDER AGREEMENT

_____ certifies that he or she has received a copy of the Protective Order dated _____ in *Trudie M. Iskowitz et al. v. Cessna Aircraft Company, et al.*, Case No. 07-cv-00968-REB-CBS, U.S. District Court, District of Colorado and *Patricia A. Coffman, et al. v. Cessna Aircraft Company, et al.*, Case No. 07-cv-00971-REB-CBS, has read it, fully understands it, agrees to be bound by its terms, and consents to the Court's jurisdiction with respect to its enforcement.

_____

Dated: _____