**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00968-REB-CBS
(Consolidated with Civil Action Nos. 07-cv-00971-REB-CBS, 07-cv-01087-REB-CBS, and 08-cv-02437)

TRUDIE M. ISKOWITZ, et al.,

    Plaintiffs,

v.

CESSNA AIRCRAFT COMPANY, et al.,

    Defendants.

## ORDER VACATING TRIAL AND DENYING MOTION TO SEVER

**Blackburn, J.**

    This matter is before me on the following motions:(1) **Motion To Vacate Trial Setting** [#87] filed January 28, 2009; and (2) **Motion To Sever of Plaintiffs Iskowitz and Coffman** [#88] filed January 30, 2009.  I grant the motion to vacate the trial setting, and I deny the motion to sever.

    These consolidated cases arise from the February 16, 2005, crash of a business jet in Pueblo, Colorado.  Eight people were killed in the crash.  Plaintiffs Trudie Iskowitz, Patricia Coffman, and Nina Winston are the surviving spouses and administrators of the estates of three individuals who were killed in the crash.  Only Winston named Circuit City as a defendant.  On November 10, 2008, shortly before the close of the plaintiffs' expert discovery in these consolidated cases, defendant Circuit City filed for bankruptcy protection.  The automatic stay of the Bankruptcy Code , 11 U.S.C. § 362(a)(1), has stayed judicial proceedings against Circuit City in the Winston case.

Following Circuit City's bankruptcy filing, the parties agreed to a stipulated motion to stay proceedings in this case, and Magistrate Judge Shaffer entered an order staying this case, pending further order from the Bankruptcy Court or from me. At a status conference on January 6, 2009, Magistrate Judge Shaffer noted that it would be difficult to complete discovery in time for the trial currently set to begin June 1, 2009. Defendant Martinair estimates that an additional 90 days is needed to complete discovery, plus additional time for the filing of possible motions under Fed. R. Evid. 702 and possible dispositive motions. On this basis, Martinair argues that this case cannot be ready for trial on June 1, 2009, and, thus, seeks a continuance of the trial. Plaintiffs Coffman and Iskowitz seek to preserve the trial setting as to their cases, and ask that their cases be tried separately from the Winston case, or that Winston's claims against Circuit City be tried separately.

### A. Motion To Sever

In their motion to sever, plaintiffs Coffman and Iskowitz argue that their cases should be severed from the Winston case because Coffman and Iskowitz did not name Circuit City as a defendant and because the legal issues in the Winston case differ significantly from the legal issues the Coffman and Iskowitz cases. Understandably, Coffman and Iskowitz would prefer to see their cases proceed to trial without having to endure further delay. Coffman and Iskowitz argue that their cases should be severed from the Winston case under FED. R. CIV. P. 21. Alternatively, Coffman and Iskowitz argue that Winston's claims against Circuit City should be tried separately, or bifurcated, as permitted by FED. R. CIV. P. 42(b).

Rule 21 permits a court to sever any claim against a party, and severance under Rule 21 creates a separate case. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***,

928 F.2d 1509, 1519 (10th Cir. 1991).  Of course, the Winston case is already separate from the Coffman and Iskowitz case, although all three cases have been consolidated. Because Winston is already a separate case, I conclude that severance under Rule 21 is not the proper procedural mechanism to accomplish the separation of the Winston case as sought by Coffman and Iskowitz.

Conceivably, I could direct that the extant order of consolidation be modified to require that the Winston case be tried separately.  Under Rule 42(a), I may consolidate cases essentially for all purposes, including trial, or only for certain limited purposes and proceedings.  Similarly, under Rule 42(b), a court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize."  Again, Coffman and Iskowitz ask, in the alternative, that I order a separate trial of Winston's claims against Circuit City.  "The district courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." ***Green Const. Co. v. Kansas Power & Light Co.***, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation and citation omitted).  When considering consolidation or separate trials, the considerations of judicial economy, efficiency, and possible prejudice to the parties guide my exercise of discretion.

No doubt, it would be more expeditious for Coffman and Iskowitz if they were permitted to proceed with their claims against the defendants they have named without having to accommodate the delays and complications caused by the Winston case and Circuit City's bankruptcy.  However, I must consider judicial economy, efficiency, and possible prejudice with respect to all parties and claims.  Considering the similarities among these consolidated cases, and noting the possible prejudice to defendant Martinair, as outlined in Martinair's response [#95], I conclude that these two factors

weigh against a separate trial of the Winston case.  Furthermore, judicial economy and efficiency also weigh heavily against a separate trial of the Coffman and Iskowitz cases, or a separate trial of the claims against Circuit City.  Trial of any one of these consolidated cases will be relatively complex and, on balance, the record demonstrates that a joint trial of these cases would be more efficient than separate trials.  In short, the relevant factors weigh against a separate trial of the Winston case or a separate trial fo the claims against Circuit City.  Thus, Coffman and Iskowitz's motion to sever should be denied.

## B.  Motion To Vacate Trial

In its motion to vacate trial [#87], Martinair seeks, in effect, a continuance of the trial currently set to begin on June 1, 2009.  The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary.  **See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.**,175 F.3d 1221, 1230 (10th Cir. 1999) (citing **U.S. v. West**, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)).  The key relevant factors are:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)).

Applying the analysis outlined in **Rivera** and **West**, I conclude as follows.  There is little or no indication that any of the parties, including defendant Martinair, have not been diligent in this case.  A continuance of the trial would permit the parties to

4

complete pending discovery and possibly to obtain a relief from stay from the bankruptcy court handling the Circuit City case.  Clearing these two hurdles would posture this case for trial and would eliminate the prejudice defendant Martinair may suffer if the trial of some of the claims were not continued.  These circumstances demonstrate that granting a continuance would accomplish the purposes of removing these obstacles to trial, mitigating potential prejudice to Martinair, and permitting a joint trial of the relevant cases.  No doubt some of the parties and their counsel, the court, and possibly some of the witnesses will be inconvenienced by a continuance of the trail.  However, considering all of the relevant factors together, I conclude that this inconvenience does not outweigh the other factors, discussed above.  Accordingly, Martinair's motion to vacate should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That Martinair's **Motion To Vacate Trial Setting** [#87] filed January 28, 2009, is **GRANTED**;

2. That the Trial Preparation Conference set for May 15, 2009, at 9:00 a.m., is **VACATED**;

3. That the trial currently set to begin on June 1, 2009, at 8:30 a.m., is **VACATED**;

4. That counsel are instructed to contact the court's administrative assistant, **Susan Schmitz, at (303) 335-2350** on **May 11, 2009, at 10:00 a.m.**, to reschedule the trial preparation conference and trial; and

5. That the parties shall be prepared to provide an estimate of the number of days needed to complete the trial when they call the court on May 11, 2009; and

6. That the **Motion To Sever of Plaintiffs Iskowitz and Coffman** [#88] filed

5

January 30, 2009, is **DENIED**.

Dated April 27, 2009, at Denver, Colorado.

                                                          **BY THE COURT:**

                                                          */s/ Robert E. Blackburn*
                                                          Robert E. Blackburn
                                                          United States District Judge