**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 07-cv-00968-REB-CBS
(Consolidated with Civil Action Nos. 07-cv-00971-REB-CBS, 07-cv-0187-REB-CBS, 08-cv-02437-REB-CBS, 09-cv-00835-REB-CBS, and 09-cv-01145-REB-CBS)

TRUDIE M. ISKOWITZ, et al.,

       Plaintiffs,

vs.

CESSNA AIRCRAFT COMPANY, et al.,

       Defendants.

---

**DEFENDANT CIRCUIT CITY STORES' MOTION FOR SUMMARY JUDGMENT**

---

Defendant Circuit City Stores, Inc. ("Circuit City" or "CCS"), by its attorneys, hereby submits its Motion for Summary Judgment in Case No. 1:07-cv-01087-REB-CBS, *Nina Winston v. Circuit City Stores, Inc., et al.*, pursuant to Fed.R.Civ.P. 56, and as grounds therefor states as follows:

**CERTIFICATE OF COMPLIANCE**

Undersigned counsel for Circuit City hereby certifies in accordance with REB Civ. Practice Standard V.I.1 that he has read and complied with the Practice Standards of this court governing the formatting and marshalling of this motion.

**INTRODUCTION**

These consolidated actions arise out of the crash of a Cessna Citation 560 business jet aircraft near Pueblo, Colorado on February 16, 2005. Circuit City is a

defendant in only one of the consolidated cases, Case No. 1:07-cv-01087-REB-CBS (the *Winston* case). Circuit City owned the aircraft, but it was being operated at the time of the accident by Defendant Martinair, Inc. ("Martinair") pursuant to an Agreement between Circuit City and Martinair, a copy of which is attached as Exhibit A. The pilots of the aircraft were employees of Martinair acting within the course and scope of their employment. There is no evidence in the record of the *Winston* case that would support a finding of negligent aircraft maintenance by anyone, and none of the experts designated by Plaintiff Winston have expressed any opinion that the maintenance of the accident aircraft was negligent in any relevant respect.

Plaintiff Winston has stated wrongful death and survival claims against Circuit City based on negligence, generally alleging that Circuit City "owned, managed, maintained, controlled, operated and piloted" the aircraft, and more specifically alleging negligence of the pilots of the aircraft (Plaintiff's Complaint, Doc. 1 at 2-5). The record is clear at this point, however, that Circuit City merely owned the aircraft, which was being maintained, controlled, operated and piloted by Martinair, as Plaintiff Winston also alleges in her claims against Martinair (Doc. 1 at 6-8). There is no evidence in the record to show that Circuit City was negligent in any respect relevant to Plaintiff Winston's claims, and 49 U.S.C. § 44112(b) bars any claims against Circuit City based on any conduct of Martinair or its employees as a matter of law. Circuit City is therefore entitled to summary judgment.

**REB Civ. Practice Standard V.I.4 FORMAT REQUIREMENTS**

1. Plaintiff Winston has the burden of proof to show genuine issues of material facts that would (1) prove the negligence of Circuit City based on Circuit City's conduct, or (2) prove that the aircraft was in the actual possession or control of Circuit City at the time of the accident in order to hold Circuit City vicarious liable for any negligent conduct of Martinair.

2. Plaintiff Winston must prove the basic elements of negligence in order to hold Circuit City liable based on Circuit City's conduct – (1) a duty Circuit City owed to Plaintiff Winston, (2) a breach or that duty, and (3) damages proximately caused by that breach. Plaintiff Winston must prove that the aircraft was in the actual possession or control of Circuit City at the time of the accident in order to hold Circuit City vicariously liable for any negligent conduct of Martinair.

3. The following material facts are undisputed or admitted:

   a. Circuit City owned the Citation aircraft involved in the accident near Pueblo, Colorado on February 16, 2005. Answer of Defendants Martinair, Inc. and Circuit City Stores, Inc. to [Winston] Plaintiff's Complaint, Doc. 5 at 2, ¶ 11.

   b. Martinair maintained, controlled, operated and piloted the Citation aircraft involved in the accident near Pueblo, Colorado on February 16, 2005 pursuant to an Agreement between Circuit City and Martinair, a copy of which is attached as Exhibit A. Answer of Defendants Martinair, Inc. and Circuit City Stores, Inc. to [Winston] Plaintiff's Complaint, Doc. 5 at 2-3, ¶ 13; Affidavit of John C. Knudsen, attached as Exhibit B.

  c. The pilots, Bruce Walton and Jeffrey Wightman, operating the aircraft at the time of the accident, were employees of Martinair and were acting in the course and scope of their employment.  Answer of Martinair and Circuit City to Plaintiff Winston's Complaint (Doc. 5); Walton Dep. 21:14-21, Jan. 22, 2010 (attached as Exhibit C); Wightman Dep. 51:14 - 52:2; January 21, 2010 (attached as Exhibit D).

  d. There is no evidence in the record of the *Winston* case that would indicate that Circuit City was negligent in any relevant respect. Affidavit of John C. Knudsen, attached as Exhibit B.

  e. None of the experts designated by Plaintiff Winston have expressed any opinion that Circuit City was negligent in any relevant respect. Affidavit of John C. Knudsen, attached as Exhibit B.

  f. There is no evidence in the record of the *Winston* case that would support any finding of negligent aircraft maintenance by anyone. Affidavit of John C. Knudsen, attached as Exhibit B.

  g. None of the experts designated by Plaintiff Winston have expressed any opinion that the maintenance of the accident aircraft was negligent in any relevant respect. Affidavit of John C. Knudsen, attached as Exhibit B.

4. The following are material facts for which Plaintiff Winston has the burden of proof:

  a. Circuit City did negligently maintain, control, operate or pilot the

Citation aircraft, or engage in other relevant negligent conduct, in such a manner that its negligent conduct was a proximate cause of Plaintiff Winston's damages.

b. The Citation aircraft was in the actual possession or control of Circuit City at the time of the accident.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure permits entry of summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986); *UIHI v. Wharf (Holdings) Ltd.*, 946 F.Supp. 861, 865 (D.Colo. 1996).

## ARGUMENT

Circuit City is entitled to summary judgment because (1) there are no material facts that could prove Circuit City was negligent in any relevant respect, and (2) Circuit City cannot be held vicariously liable for any conduct of Martinair that may have proximately caused Plaintiff Winston's damages as a matter of law.

### A. There are no material facts that could prove Circuit City's negligence.

Circuit City owned the Citation aircraft, but there are no genuine issues as to any material facts in the record that could prove that Circuit City was negligent in any relevant respect. Circuit City owned the aircraft, and entered into the Agreement with Martinair attached as Exhibit A pursuant to which Martinair operated the aircraft. Martinair's responsibilities are set forth in the Agreement, and included responsibilities

for the operation and maintenance of the aircraft. The aircraft was being operated by Martinair and its pilot employees at the time of the accident. All of Plaintiff Winston's allegations of specific negligent conduct address conduct of Martinair and its employees, and do not address any specific conduct of Circuit City. There are simply no facts in the record of this case that could prove any relevant negligent conduct of Circuit City.

### B. Circuit City cannot be held vicariously liable for Martinair's conduct.

To the extent that Plaintiff Winston's negligence claims against Circuit City are based on the conduct of Martinair and its employee pilots, they are barred by 49 U.S.C. § 44112, which states that:

**49 U.S.C. § 44112 Limitation of liability**

**(a) Definitions.** – In this section –

(1) "lessor" means a person leasing for at least 30 days a civil aircraft, aircraft engine, or propeller.

(2) "owner" means a person that owns a civil aircraft, aircraft engine, or propeller.

(3) "secured party" means a person having a security interest in, or security title to, a civil aircraft, aircraft engine, or propeller under a conditional sales contract, equipment trust contract, chattel or corporate mortgage, or similar instrument.

**(b) Liability.** – A lessor, owner, or secured party is liable for personal injury, death, or property loss or damage on land or water only when a civil aircraft, aircraft engine, or propeller is in the actual possession or control of the lessor, owner, or secured party, and the personal injury, death, or property loss or damage occurs because of –

(1) the aircraft, engine, or propeller; or

(2) the flight of, or an object falling from, the aircraft, engine, or

propeller.

This federal limitation on a civil aircraft lessor's, owner's, or secured party's liability set forth in 49 U.S.C. § 44112(b), and its predecessor 49 U.S.C. § 1404, has been held to preempt and bar plaintiffs' state law claims for wrongful death, personal injuries or property damage against the aircraft lessor, owner, or secured party when the aircraft was not in the actual possession or control of the lessor, owner, or secured party at the time of the occurrence. *Matei v. Cessna Aircraft Co.*, 35 F.3d 1142, 1144-46 (7th Cir. 1994)(49 U.S.C. § 1404 barred Illinois wrongful death claim against aircraft owner; claim also barred by Illinois law of bailment); *McCord v. Dixie Aviation Corp.*, 450 F.2d 1129, 1130 (10th Cir. 1971)(49 U.S.C. § 1404 excludes certain persons from liability for injuries); *Rogers v. Ray Gardner Flying Service, Inc.*, 435 F.2d 1389, 1394 (5th Cir. 1970)(49 U.S.C. § 1404 "appears clearly and forthrightly to preempt any contrary state law which might subject holder of security interests to liability for injuries"); *Esheva v. Siberia Airlines*, 499 F.Supp.2d 493, 499 n.4 (S.D.N.Y. 2007)(lessor of aircraft "absolutely immune" under 49 U.S.C. § 44112(b) from liability based on conduct of aircraft operator); *In re Lawrence W. Inlow Accident Litigation*, No. IP 99-0830-C H/G, 2001 WL 331625, at *14 (S.D. Ind. Feb. 7, 2001)("plain language of § 44112 establishes that it preempts state common law claims against covered lessor," and congressional intent to preempt state law clear from legislative history); *Rosdail v. Western Aviation, Inc.*, 297 F.Supp. 681, 685 (D.Colo. 1969)(legislative history of 49 U.S.C. § 1404 established congressional intent to provide "clearly that such persons have no liability under such circumstances" set forth in the statute).

*Vreeland v. Ferrer*, No. 2D08-248, 2010 WL 21168 (Fla.App. 2 Dist. Jan. 6, 2010) and *Mangini v. Cessna Aircraft Co.*, Nos. X07CV044001467S, X07CV044003418S, 2005 WL 3624483, (Conn.Super.Ct. Dec. 7, 2005) analyze these issues in detail, with reference to the legislative history of 49 U.S.C. § 44112(b), and its predecessor 49 U.S.C. § 1404, and cases from various jurisdictions. Both courts conclude that 49 U.S.C. § 44112(b) does preempt and bar wrongful death claims under state law against an aircraft owner, based on the negligence of the operator of the aircraft, when the aircraft is not in the owner's actual possession or control. *Vreeland*, 2010 WL 21168, at *5; *Mangini*, 2005 WL 3624483, at *5-6.

The Citation aircraft in this case was not in the actual possession or control of Circuit City at the time of the accident – it was in the actual possession and control of Martinair – and 49 U.S.C. § 44112(b) therefore preempts and bars Plaintiff Winston's state law tort claims against Circuit City based on the conduct of Martinair.

## CONCLUSION

Circuit City owned the Citation aircraft involved in the accident near Pueblo, Colorado on February 16, 2005, but the aircraft was not in the actual possession or control of Circuit City at the time of the accident. Plaintiff Winston's claims against Circuit City, to the extent that they are based on any conduct of Martinair or its employees, are therefore barred as a matter of law by 49 U.S.C. § 44112(b). And there are no genuine issues of material fact that could establish any active negligence on the part of Circuit City as a basis for liability for Plaintiff Winston's claims. Circuit City is therefore entitled to summary judgment.

WHEREFORE, Defendant Circuit City Stores, Inc. respectfully requests that the Court grant summary judgment in its favor in Case No. 1:07-cv-01087-REB-CBS, and enter an order dismissing Plaintiff Nina Winston's claims against Circuit City Stores, Inc. with prejudice.

Respectfully submitted this 5th day of April 2010.

              BYRNE, KNUDSEN & WHITE, LLP

              *s/ Thomas J. Byrne*
              Thomas J. Byrne, # 7931
              John C. Knudsen # 23794
              Kevin R. Kennedy # 37926
              1120 Lincoln Street, Suite 1300
              Denver, Colorado 80203
              Telephone: (303) 861-5511
              *Attorneys for Martinair, Inc. and*
              *Circuit City Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April 2010 I caused the foregoing **DEFENDANT CIRCUIT CITY STORES' MOTION FOR SUMMARY JUDGMENT** to be served by electronically filing the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Michael S. Burg | mburg@burgsimpson.com |
| Rosemary Orsini | rorsini@burgsimpson.com |
| Brian K. Matise | bmatise@burgsimpson.com |
| Burg, Simpson, Eldredge, Hersh & Jardine P.C. | |
| 40 Inverness Drive East | |
| Englewood, Colorado 80112 | |
| *Attorneys for Plaintiffs Iskowitz and Coffman* | |

| | |
|---|---|
| Donald J. Nolan | djn@nolan-law.com |
| Thomas P. Routh | tpr@nolan-law.com |
| Jerome L. Skinner | jls@nolan-law.com |
| Nolan Law Group | |
| 20 North Clark Street, 30th Floor | |
| Chicago, Illinois 60602 | |
| *Attorneys for Plaintiffs Iskowitz and Coffman* | |

| | |
|---|---|
| Thomas A. Demetrio | tad@corboydemetrio.com |
| Michael K. Demetrio | mkd@corboydemetrio.com |
| Daniel S. Kirschner | dsk@corboydemetrio.com |
| Corboy & Demetrio, P.C. | |
| 33 North Dearborn Street, 21st Floor | |
| Chicago, Illinois 60602 | |
| *Attorneys for Plaintiff Winston* | |

| | |
|---|---|
| Bruce A. Lampert | balampert@schadenlaw.com |
| Casey F. Schaden | cfschaden@schadenlaw.com |
| Schaden, Katzman, Lampert & McClune | |
| 9596 Metro Airport Ave. | |
| Broomfield, Colorado 80021 | |
| *Attorneys for Plaintiffs Wightman and Walton* | |

| | |
|---|---|
| Mark S. Pestal | mark.pestal@usdoj.gov |
| Assistant United States Attorney | |
| U.S. Attorney's Office | |
| 1225 17th Street, Suite 700 | |
| Denver, Colorado 80202 | |
| *Attorneys for U.S. Government* | |

| | |
|---|---|
| Barry F. Benson | barry.benson@usdoj.gov |
| Colleen L. Conlin | colleen.conlin@usdoj.gov |
| Ashley E. Dempsey, Esq. | ashley.dempsey@usdoj.gov |
| U.S. Department of Justice | |
| Torts Branch, Civil Division | |
| P.O. Box 14271 | |
| Washington, D.C. 20044-5371 | |
| *Attorneys for U.S. Government* | |

| | |
|---|---|
| Mary A. Wells | mwells@warllc.com |
| Marilyn S. Chappell | mchappell@warllc.com |
| Wells, Anderson & Race, LLC | |
| 1700 Broadway, Suite 1020 | |
| Denver, Colorado 80290 | |
| *Attorneys for Cessna Aircraft Company* | |

*s/ Kevin R. Kennedy*