IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00968-REB-CBS
(Consolidated with Civil Actions Nos. 07-cv-00971-REB-CBS and 07-cv-01087-REC-CBS, 08-cv-02437-REB-CBS, 09-cv-00835-REB-CBS, and 09-cv-01145-REB-CBS)

TRUDIE M. ISKOWITZ, et al.

       Plaintiffs,

v.

CESSNA AIRCRAFT COMPANY, et al.

       Defendants.

---

## PLAINTIFF WINSTON'S RESPONSE TO DEFENDANT CIRCUIT CITY STORES' MOTION FOR SUMMARY JUDGMENT

---

Plaintiff, NINA WINSTON, through her attorneys, Corboy & Demetrio P.C., in Response to Defendant Circuit City Stores' motion for summary judgment (CM/ECF docket no. 195, filed 4/5/2010) states:

### GENUINE ISSUES OF MATERIAL FACTS

On February 16, 2005, a Circuit City's Cessna Citation 560 business jet (tail No. N560AT) crashed near Pueblo, Colorado. Circuit City owned this aircraft at the time of the crash. (Defendant Circuit City Stores' motion for summary judgment (CM/ECF docket no. 195, filed 4/5/2010), p. 2). With respect to the operation of Circuit City's aircraft fleet, the ranking Circuit City executive "called the shots for the trip." (Randy Campbell Deposition, June 17, 2008, Exhibit A, p. 168:1-7). Specifically, the most ranking executive from Circuit City was responsible for flight operations and the Martinair pilots would answer to that person. (Ex. A, p. 167:19-168:12).

Circuit City made the decision as to which Federal Aviation Administration ("FAA") regulation Circuit City's aircrafts would fly under. (Ex. A, p. 167:2-10). Typically, Part 91 is used for aircrafts owned by private corporations or private individuals. (Ex. A, p. 80:4-16). Part 135 regulations are more strict than Part 91. (Ex. A, p. 80:4-16). However, Circuit City decided to operate the aircraft under the FAA Part 135 operations, even though the aircraft was eligible to Part 91 operations. (Ex. A, p. 80:4-16; Ex. A p. 167:2-10). Part 135 was adopted by Circuit City because it wanted the additional margin of safety. (Ex. A, p. 80:4-16).

Martinair and Circuit City entered into a service contract for Circuit City's multiple aircrafts, including N500AT. (Agreement between Martinair and Circuit City, Exhibit B). The service contract is not a lease agreement, and nowhere in the agreement does Circuit City convey to Martinair any right of "control" or "possession" over its aircrafts. (*See generally* Ex. B). Rather, it is Circuit City which bears all costs of operation and ownership of the aircraft, including the purchase of liability insurance. (Ex. B, paras. 4 and 5). Moreover, Circuit City expressly recites within the agreement only that Martinair will provide "management services for [Circuit City]" with respect to the aircraft.(Ex. B, para. 3).

On February 16, 2005, the date of the incident, the two Circuit City sister ships made a fueling stop at Columbia, Missouri, during which Danny Clarke, the ranking Circuit City executive aboard the aircrafts, reconfigured the passengers, requiring some passengers to switch planes. (Ex. A, p. 149:20 -150:8).

## LAW

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Koch Indus. v. United States*, 2010 U.S. App. LEXIS 8658, *9 (10th Cir. 2010). An issue of material fact is genuine if a reasonable jury could find in favor of the nonmovant. *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996).

## ARGUMENT

This is not a case for summary judgment. Circuit City's motion does not contest that Martinair was acting as its agent in causing the death of Plaintiff's husband, David Winston. Rather, Circuit City states incorrectly that 49 U.S.C. §44112(b) is a bar to vicarious liability against an aircraft owner. In addition, Circuit City makes the untenable argument that §44112(b) affords immunity because Circuit City neither *possessed* nor *controlled* N500AT. To the contrary, Circuit City is vicariously liable here and §44112(b) is wholly inapplicable because Circuit City was both in *possession* and *control* of its owned aircraft, having never relinquished either possession or control to Martinair.

Notably, all but one authority relied upon by Circuit City in its motion for summary judgment involves the relinquishment of control or possession by the owner of an aircraft through *a lease agreement* with another entity. The only case relied upon by Circuit City which does not involves a lease agreement, *Mangini v. Cessna Aircraft Co.*, 2005 Conn. Super. LEXIS 3387 (Conn. Super. Ct., Dec. 7, 2005), concluded that §44112(b) did not afford immunity to the owner of an aircraft because the owner failed to plead, and thus could not prove, allegations of absence of actual possession and control. *Id.* at *18-19.

Similarly, like the defendant in *Mangini*, Circuit City's Affirmative Defenses are devoid of *any* allegation that Circuit City neither possessed nor controlled the aircraft at issue at the time of the occurrence. (CM/ECF docket no. 5, p. 8, filed 7/20/2007). While the plaintiff bears the burden of proving its claims, the defendant has the burden of proving any affirmative defenses. *Fulton v. McKay*, 2004 U.S. Dist. LEXIS 25563, *18 (D. Colo. Sept. 23, 2004). The burden of persuasion as to certain elements of a plaintiff's claim may be shifted to defendants, when such elements can fairly be characterized as affirmative defenses. *Schaffer v. West*, 546 U.S. 49, 57 (2005). As this Court has previously noted, "a movant who bears the burden of proof at trial must submit evidence to establish every element of its claim or affirmative defense." *Preston Land Coleman v. Exxon Mobile Corp.*, 2009 U.S. Dist. LEXIS 109299, *2 (D. Colo. Nov. 23, 2009).

Here, §44112(b) is an affirmative defense which Circuit City has failed to plead. Circuit City has failed to submit any evidence of a lease agreement. Circuit City has failed to submit any evidence of an expressed or implied transfer of possessive right over its aircraft. And, Circuit City has failed to submit any expressed or implied transfer of right to control its aircraft. Simply put, the requisite elements for §44112(b) immunity cannot be met by Circuit City. To the contrary, the expressed service contract between Circuit City and Martinair evinces only that Circuit City paid Martinair for *management services* in the operation of its aircraft while Circuit City continued to use its own aircraft at its own direction for its own exclusive benefit.

As evinced by the testimony of Martinair's chief pilot, Randy Campbell, it was Circuit City which made the decision to operate under FAR Part 135; it was Circuit City which decided when and where to fly; it was Circuit City which decided who flew its aircraft (i.e.

Martinair); and it was Circuit City's executives who were on aboard the flight at issue and "called the shots."

It is simply incongruous that an owner aboard its own aircraft, being operated for the owner's exclusive benefit, is deemed to have relinquished *both* control and possession to the entity hired by the owner to simply maintain and pilot the aircraft. No authority cited by Circuit City reaches this untenable result as none of the authority relied upon by Circuit City address facts such as present here.

## CONCLUSION

For the reasons set forth above, Circuit City is not entitled to immunity under §44112(b) because genuine issues of fact exist which evince that Circuit City either possessed or controlled its aircraft at issue. Furthermore, for the reasons set forth above, Circuit City has waived it argument through its failure to plead §44112(b) as an affirmative defense.

Dated this 26th day of May, 2010.

Respectfully submitted,

s/Daniel S. Kirschner
Thomas A. Demetrio
Michael K. Demetrio
Daniel S. Kirschner
CORBOY & DEMETRIO, P.C.
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
Telephone: (312) 346-3191
Facsimile: (312) 346-5562
e-mail:TAD@corboydemetrio.com
        MKD@corboydemetrio.com
        DSK@corboydemetrio.com
Attorneys for Plaintiff Winston