**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00968-REB-CBS
(Consolidated with Civil Action Nos. 07-cv-00971-REB-CBS, 07-cv-01087-REB-CBS,
08-cv-02437-REB-CBS, 09-cv-00835-REB-CBS, and 09-cv-01145-REB-CBS)

TRUDIE M. ISKOWITZ, et al.,

    Plaintiffs,

v.

CESSNA AIRCRAFT COMPANY, et al.,

    Defendants.

## ORDER DENYING CIRCUIT CITY'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on **Defendant Circuit City Stores' Motion for Summary Judgment** [#195][1] filed April 5, 2010. This motion concerns the negligence claims asserted against Circuit City by plaintiff, Nina Winston, in one of these consolidated cases, Civil Action No. 07-cv-01087-REB-CBS. Winston filed a response [#127], and Circuit City filed a reply [#287]. I deny the motion.[2]

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity).

---

[1] "[#195]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A movant who bears the burden of proof at trial must submit evidence to establish every essential element of its claim.  **See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation**, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  Once the motion has been supported properly, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1518 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).

## III.  ANALYSIS

These consolidated cases arise from the crash of a Cessna Citation 560 business jet aircraft near Pueblo, Colorado.  The airplane was owned by defendant Circuit City Stores, Inc.  At the time of the crash, the airplane was piloted by two pilots

who were employees of defendant Martinair, Inc. Circuit City had an agreement with Martinair whereby agreed to operate and maintain the airplane on behalf of Circuit City. *Motion for summary judgment* [#195] filed April 5, 2010, Exhibit A (Contract). In Civil Action No. 07-cv-01087, plaintiff Nina Winston asserts negligence claims against Circuit City.

In its motion for summary judgment, Circuit City argues that there is no evidence in the record to show that Circuit City itself was negligent in any respect relevant to Winston's claims. This much is undisputed. Circuit City argues also that there is no evidence in the record to support a claim that Circuit City is liable for any negligent conduct of Martinair or its employees. First, Circuit City contends that the terms of the Contract and the sworn statements of certain witnesses demonstrate that Martinair was an independent contractor and not an agent of Circuit City. According to Circuit City, the evidence in the record shows that Circuit City did not have the right to control the details of performance by Martinair in operating and maintaining the airplane, and, therefore, Martinair must be seen as an independent contractor in the evaluation of Winston's negligence claims against Circuit City. Generally, a party who engages an independent contractor is not liable for the negligence of the independent contractor, while, contrastingly, a principal generally is liable for the negligence of an agent.

Second, Circuit City argues that under 49 U.S.C. § 44112(b), Winston's claims against Circuit City are barred to the extent those claims are based on conduct of Martinair or its employees. Section 44112(b) provides:

> Liability.--A lessor, owner, or secured party is liable for personal injury, death, or property loss or damage on land or water only when a civil aircraft, aircraft engine, or propeller is in the actual possession or control of the lessor, owner, or secured party, and the personal injury, death, or property loss or damage occurs because of--

3

>> (1) the aircraft, engine, or propeller; or
>
>> (2) the flight of, or an object falling from, the aircraft, engine, or propeller.

49 U.S.C.A. § 44112(b). Circuit City argues that there is no evidence in the record that Circuit City was in actual possession or control of the airplane when it crashed and that, therefore, § 44112(b) bars Winston's negligence claims against Circuit City concerning losses caused by the airplane crash.

In response to Circuit City's arguments, Winston cites the testimony of Randy Campbell. Campbell is a pilot employed by Martinair, and Campbell was the pilot of a second airplane, also owned by Circuit City and covered by the Contract, which was traveling with the airplane that crashed on the day of the crash. As an employee of Martinair, Campbell had flown Circuit City airplanes on other occasions prior to the day of the crash. In his deposition, Campbell was asked: "Was there a contact person at Circuit City that you dealt with who was responsible for flight operations?" *Response to motion for summary judgment* [#217], Exhibit A (Campbell Deposition), 167:19 - 21. The question was clarified to focus on Campbell's personal dealings with Circuit City personnel. *Id.*, 167:22 - 25. Campbell answered as follows:

> My personal interaction was with generally the lead person on the trip from Circuit City who was generally the most ranking executive. Not always but generally the highest person in the food chain, so to speak, was the one I was answering to that called the shots for that trip.

*Id.*, 168:1 - 7.

Viewing this testimony in the light most favorable to Winston, as I must, I conclude that there is a genuine issue of material fact concerning the degree of control exercised by Circuit City over flight operations for the airplanes Circuit City hired Martinair to fly on behalf of Circuit City. Campbell was asked who at Circuit City was

4

responsible for such "flight operations," and Campbell responded that, generally, the highest ranking Circuit City executive on a particular trip "called the shots for that trip." A reasonable fact finder could read this testimony to indicate that a Circuit City executive had control of "flight operations" when a Martinair pilot, such as Campbell, was flying a Circuit City owned airplane. Such control of flight operations by a Circuit City executive reasonably could be seen as demonstrating that Martinair was acting as Circuit City's agent, and not as an independent contractor, when flying a Circuit City airplane. Further, such control by a Circuit City executive reasonably can be seen as demonstrating that Circuit City was in actual possession or control of the airplane that crashed. If Circuit City was in actual possession or control of the airplane, then the bar to liability established in 49 U.S.C.A. § 44112(b) is not applicable.

## IV. ORDERS

Viewing the evidence in the record in the light most favorable to Winston, there remain genuine issues of material fact concerning the degree of control exercised by Circuit City over the flight operations conducted by Martinair when Martinair was operating Circuit City airplanes. That issue of fact leaves open the question of whether Martinair was acting as an agent of Circuit City or as an independent contractor. If Martinair was acting as Circuit City's agent, then there may be a basis to impute the alleged negligence of Martinair to Circuit City. Further, in light of these disputed issues of fact, I cannot determine, as a matter of law, whether the bar to liability established in 49 U.S.C.A. § 44112(b) is applicable to Winston's claims against Circuit City. These issues are not appropriate for summary judgment on the current record and, rather, must be resolved after evidence is presented at trial.

5

**THEREFORE IT IS ORDERED** that **Defendant Circuit City Stores' Motion for Summary Judgment** [#195] filed April 5, 2010, is **DENIED**.

Dated July 16, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge